IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONALD R. ESCOBAR,

    Petitioner,

v.                                                    CASE NO. 1:06-cv-207-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 42, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner Escobar's petition and amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Docs. 1 and 20, be denied, and that this case be dismissed with prejudice. The Magistrate Judge filed the Report and Recommendation on Monday, June 9, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Petitioner was convicted and sentenced to twelve years imprisonment for armed robbery. After being sentenced, Petitioner filed a direct appeal, and then sought post-conviction relief after his conviction was affirmed. The state court rejected Petitioner's claims of ineffective assistance of counsel, and Petitioner filed the instant petition, raising the same claims presented in his Rule 3.850 motion. In the Report, the Magistrate finds that the claims in the instant petition are without merit, and that the state court's decision is not contrary to, nor an unreasonable application of, clearly established federal law. Because of this, the Magistrate

recommends that the instant petition be denied.

In his petition for writ of habeas corpus, Petitioner Escobar argues that counsel was ineffective for failing to seek suppression of the lineup, that the court erred in denying the judgment of acquittal on the armed robbery count, that counsel was ineffective for interfering with Petitioner's right to testify, and that counsel was ineffective for waiving Petitioner's right to be present at critical stages of the trial. The state court rejected each of these arguments, and there is no basis for federal habeas relief if this decision was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Citing Strickland v. Washington, 466 U.S. 668 (1984), the state court held that the record showed that counsel's performance was not deficient. After reviewing the record, the Magistrate found that all of Petitioner's claims of ineffective assistance were without merit, and that the state court's decision was not contrary to clearly established federal law.

In his objections, Petitioner states that the victim did not testify at trial, and therefore the state court erred in denying judgment of acquittal since the state failed to prove that the victim was put in fear during the robbery. As the Magistrate points out, Petitioner admitted that he held a firearm during the commission of the robbery, and testimony at trial established that Petitioner had a firearm during the entire robbery and was instructed to shoot the victim if he resisted. Exhibiting a firearm is a show of force that reasonably puts a victim in fear for his or her life, and the victim was not required to testify as to any subjective feelings of fear. Therefore, the Court agrees with the Magistrate that this claim is without merit.

Petitioner next objects to the finding by the Magistrate that counsel did not interfere with Petitioner's right to testify. Petitioner contends that the state court failed to conduct an

evidentiary hearing on this issue, and therefore it did not possess facts with which to adequately resolve the merits of the claim.  Since Petitioner himself declared in open court that his attorney had discussed with him his right to testify and that he had decided not to take the stand, the Court finds that Petitioner's allegation that counsel forced him into forfeiting his right to testify is not supported by the facts.

Petitioner also objects to the Magistrate's conclusion that the hearings on the judgment of acquittal and the jury instructions are not critical stages of the trial, and therefore counsel was not ineffective for waiving Petitioner's presence at either argument.  Since both proceedings involved legal argument to the trial court, rather than a critical stage of the trial, the Magistrate concludes that neither represents a stage in the criminal proceedings where Petitioner's right "to a fair and just hearing would be thwarted by his absence."  The Court agrees with the Magistrate that Petitioner's presence at the charge conference or during argument on the motion for acquittal, during which legal issues are primarily the focus, would have not have affected the outcome of the proceeding and are not critical stages of the trial.  Therefore this claim is also without merit.

Based on this, the Court agrees with the Magistrate that Petitioner's claims are not supported by the record, and that the state court's ruling is entitled to deference and does not violate § 2254(d).  Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.　　The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Petitioner Escobar's petition and amended petition for writ of habeas corpus, Docs.1 and 20, are DENIED, and this case is DISMISSED WITH PREJUDICE.

**DONE AND ORDERED** this   *1st* day of July, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
